UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **TIFFANY ADAMS** and **SHANIQUA BUNTON,** Individually and on behalf of all others similarly situated  *Plaintiffs,*  v.  **LOGISTICARE SOLUTIONS, LLC,**  *Defendant.* | §§§§§§§§§§§§ | Civil Action No. 1:19-cv-00372  **JURY TRIAL DEMANDED**  **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)**  **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(b)** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiffs Tiffany Adams and Shaniqua Bunton bring this action individually and on behalf of all others similarly situated (hereinafter "Plaintiffs and the Putative Class Members" or "Plaintiffs and the FLSA Collective Members") who worked for Logisticare Solutions, LLC (hereinafter "Defendant" or "Logisticare"), anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), the South Carolina Payment of Wages Act, South Carolina Code Ann. §§ 41-10-10, *et seq.* ("SCPWA" or "South Carolina Act"), and Texas common law.

### I.
### OVERVIEW

1. This lawsuit includes a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and class actions pursuant to the state laws of South Carolina and Texas to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiffs and the Putative Class Members are those similarly situated persons who have worked for Logisticare, anywhere in the United States within the relevant statutes of limitations through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of the FLSA and state law.

3. Logisticare has enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees—Plaintiffs and the Putative Class Members—to perform work off-the-clock and without pay, and also clocked those employees out when their breaks exceeded fifteen (15) minutes. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017), *cert. denied sub nom. Am. Future Sys., Inc. v. Acosta*, 138 S. Ct. 2621 (2018).

4. Logisticare's company-wide policy has caused Plaintiffs and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiffs and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Logisticare has knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis in the last three years.

7. Plaintiffs and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA, South Carolina state law, or Texas state law.

8. Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29

U.S.C. § 216(b), and to recover all damages owed under the South Carolina state-law claim and the Texas state-law claim as class actions pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiffs pray that all similarly situated workers (FLSA Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiffs also pray that the Rule 23 South Carolina class be certified as defined herein, and that Plaintiff Adams designated herein be named as Class Representative for the South Carolina Common-Law Class.

11. Plaintiffs also pray that the Rule 23 Texas class be certified as defined herein, and that Plaintiff Bunton designated herein be named as Class Representative for the Texas Common-Law Class.

## II.
## THE PARTIES

12. Plaintiff Tiffany Adams ("Adams") was employed by Logisticare in Greenville, South Carolina during the relevant time periods. Plaintiff Adams did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13. Plaintiff Shaniqua Bunton ("Bunton") was employed by Logisticare in Austin, Texas during the relevant time periods. Plaintiff Bunton did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

---

[1] The written consent of Tiffany Adams is hereby attached as Exhibit "A."

[2] The written consent of Shaniqua Bunton is hereby attached as Exhibit "B."

14. The FLSA Collective Members are those current and former hourly call-center employees who were employed by Logisticare at any time during the last three years through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Adams worked and was paid.

15. The South Carolina Common-Law Class Members are those current and former hourly call-center employees who were employed by Logisticare in the State of South Carolina at any time during the last three years through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Adams worked and was paid.

16. The Texas Common-Law Class Members are those current and former hourly call-center employees who were employed by Logisticare in the State of Texas at any time during the last three years through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Bunton worked and was paid.

17. Defendant Logisticare Solutions, LLC ("Logisticare" or "Defendant") is a foreign limited liability company, licensed to and doing business in Texas, and can be served with process through its registered agent: **Registered Agent Solutions, Inc., 1701 Directors Blvd., Suite 300, Austin, Texas 78744-0000.**

## III.
## JURISDICTION & VENUE

18. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

19. This Court has supplemental jurisdiction over the additional South Carolina and Texas state-law claims pursuant to 28 U.S.C. § 1367.

20. This Court has personal jurisdiction over Logisticare because the cause of action arose within this District as a result of Logisticare's conduct within this District and Division.

21. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

22. Specifically, Logisticare has maintained a working presence throughout the State of Texas (and the United States), and Plaintiff Bunton worked in Austin, Texas throughout her employment with Logisticare, all of which are located within this District and Division.

23. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

24. Logisticare employs non-exempt workers in its call centers to provide assistance to Logisticare's clients. Logisticare is headquartered in Atlanta, Georgia, and has additional call centers in Arizona, California, Connecticut, Delaware, Florida, Georgia, Louisiana, Maine, Michigan, Montana, New Jersey, Nevada, New York, Oklahoma, Pennsylvania, Rhode Island, South Carolina, Texas, Virginia, and West Virginia.[3]

25. Plaintiffs and the Putative Class Members' job duties consisted of receiving telephone calls from Logisticare's clients and scheduling transportation for those clients.

26. Plaintiff Adams was employed by Logisticare in Greenville, South Carolina from approximately November 2015 until March 2016.

27. Plaintiff Bunton. Was employed by Logisticare in Austin, Texas from approximately August 2017 until July 2018.

28. Plaintiffs and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

29. Plaintiffs and the Putative Class Members worked approximately forty (40) "on-the-clock" hours per week.

---

[3] http://www.logisticare.com/reservation-numbers-location-map/.

30. In addition to their forty (40) "on-the-clock" hours, Plaintiffs and the Putative Class Members often worked up to six hours "off-the-clock" per week and have not been compensated for that time.

31. Plaintiffs and the Putative Class Members have not been compensated for all the hours they worked for Logisticare as a result of Logisticare's uniform corporate policy and practice of paying its employees only during regularly scheduled shift time, and only when their computers were fully booted up and operational.

32. Specifically, Plaintiffs and the Putative Class Members are required to start up and log in to their computers before their shift officially starts, and then log in to each Logisticare program, and ensure that each Logisticare program is running correctly—all of which can take up to twenty minutes—before they are able to take their first phone call, which comes in as soon as their computers are fully operational.

33. In addition, Plaintiffs and the Putative Class Members were required to arrive at work early, well in advance in of their scheduled shifts, in order to perform work for Logisticare.

34. Further, Plaintiffs and the Putative Class Members' computers crashed multiple times each week and required Plaintiffs and the Putative Class Members to reset them, which took twenty minutes or more each time.

35. Logisticare also enforced a uniform company-wide policy wherein it automatically clocked out its non-exempt hourly call-center employees—Plaintiffs and the Putative Class Members—when their breaks exceeded fifteen (15) minutes. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor*, 873 F.3d at 425.

36. Plaintiffs and the Putative Class Members were not compensated for work they performed for Logisticare prior to their scheduled shifts, including their computer start-up time,

although they were expected to have completed their computer start up in advance of their official start time.

37. Plaintiffs and the Putative Class Members were also not compensated for the time they worked for Logisticare rebooting Logisticare's computers after they crashed.

38. Nor were Plaintiffs and the Putative Class Members compensated for any break time that exceeded fifteen (15) minutes.

39. As a result of Logisticare's corporate policies and practices of requiring Plaintiffs and the Putative Class Members to perform compensable work for Logisticare, including their start-up and rebooting tasks, and breaks that exceeded fifteen (15) minutes, while off-the-clock, Plaintiffs and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

40. Logisticare has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.

41. Logisticare is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week to Plaintiffs and the Putative Class Members, but has failed to do so.

42. Because Logisticare did not pay Plaintiffs and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Logisticare's pay policies and practices violate the FLSA.

43. Because Logisticare did not pay Plaintiffs and the Putative Class Members for all hours they worked, Logisticare's pay policies and practices also violate South Carolina state law.

44. Because Logisticare did not pay Plaintiffs and the Putative Class Members for all hours they worked, Logisticare's pay policies and practices also violate Texas state law.

V.
CAUSES OF ACTION

COUNT ONE
(Collective Action Alleging FLSA Violations)

A.     **FLSA COVERAGE**

45.    All previous paragraphs are incorporated as though fully set forth herein.

46.    The FLSA Collective is defined as:

**ALL HOURLY NON-EXEMPT CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY LOGISTICARE SOLUTIONS, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM APRIL 1, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

47.    At all times hereinafter mentioned, Logisticare has been an employer within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

48.    At all times hereinafter mentioned, Logisticare has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

49.    During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Logisticare, these individuals have provided services for Logisticare that involved interstate commerce for purposes of the FLSA.

50.    In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce

within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

51. Specifically, Plaintiffs and the FLSA Collective Members are non-exempt hourly call-center employees of Logisticare who assisted Logisticare's customers throughout the United States. 29 U.S.C. § 203(j).

52. At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

53. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 46.

54. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Logisticare.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

55. Logisticare has violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

56. Moreover, Logisticare knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty each week. 29 U.S.C. § 255(a).

57. Logisticare knew or should have known its pay practices were in violation of the FLSA.

58. Logisticare is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

59. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Logisticare to pay them according to the law.

60. The decisions and practices by Logisticare to not pay for all hours worked and the proper amount of overtime for all hours worked over forty each week was neither reasonable nor in good faith.

61. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **COLLECTIVE ACTION ALLEGATIONS**

62. All previous paragraphs are incorporated as though fully set forth herein.

63. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Logisticare's employees throughout the United States who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they were paid.

64. Other similarly situated employees of Logisticare have been victimized by Logisticare's patterns, practices, and policies, which are in willful violation of the FLSA.

65. The FLSA Collective Members are defined in Paragraph 46.

66. Logisticare's failure to pay Plaintiffs and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Logisticare, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

67. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

68. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

69. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

70. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

71. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Logisticare will retain the proceeds of its violations.

72. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

73. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 46 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the South Carolina Act)

**A.**    **SOUTH CAROLINA ACT COVERAGE**

74. All previous paragraphs are incorporated as though fully set forth herein.

75. The South Carolina Act Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY LOGISTICARE SOLUTIONS, LLC. IN SOUTH CAROLINA, AT ANY TIME FROM APRIL 1, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("South Carolina Class" or "South Carolina Class Members").**

76. At all times hereinafter mentioned, Logisticare has been an employer within the meaning of the South Carolina Act, S.C. CODE ANN. § 41-10-10.

77. At all times hereinafter mentioned, Plaintiff Adams and the South Carolina Class Members have been employees within the meaning of the South Carolina Act, S.C. CODE ANN. § 42-1-130.

### B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE SOUTH CAROLINA ACT

78. All previous paragraphs are incorporated as though fully set forth herein.

79. Logisticare owes Plaintiff Adams and the South Carolina Class Members wages, as defined in section 41-10-10 of the Act, to compensate them for labor and services they provided to Logisticare in the furtherance of their job duties. *See* S.C. CODE ANN. § 41-10-10.

80. Plaintiff Adams and other South Carolina Class Members are not exempt from receiving overtime benefits under the South Carolina Act.

81. Plaintiff Adams and the South Carolina Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Logisticare violated the South Carolina Act by failing to pay Plaintiff Adams and the South Carolina Class Members for all of the hours they worked on its behalf, and for failing to pay the correct amount of overtime for all hours worked over forty (40) per week. *See* S.C. CODE ANN. §§ 41-10-10, 41-10-40.

82. Plaintiff Adams and the South Carolina Class Members have suffered damages and continue to suffer damages as a result of Logisticare's acts or omissions as described herein; though Logisticare is in possession and control of necessary documents and information from which Plaintiff Adams would be able to precisely calculate damages.

83. The South Carolina Act provides that Plaintiff Adams and the South Carolina Class Members are entitled to recover treble the amount of the unpaid wages. *See* S.C. CODE ANN. § 41-10-80.

84. In violating the South Carolina Act, Logisticare acted willfully, without a good faith basis and with reckless disregard of clearly applicable South Carolina law.

85. The proposed class of employees, i.e. South Carolina class members sought to be certified pursuant to the South Carolina Act, is defined in Paragraph 75.

86. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Logisticare.

C. **SOUTH CAROLINA ACT CLASS ALLEGATIONS**

87. Plaintiff Adams brings her South Carolina Act claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Logisticare to work in South Carolina since April 1, 2016.

88. Class action treatment of Plaintiff Adams's South Carolina Act claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

89. The number of South Carolina Class Members is so numerous that joinder of all class members is impracticable.

90. Plaintiff Adams is a member of the South Carolina Class, her claims are typical of the claims of other South Carolina Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other South Carolina Class Members.

91. Plaintiff Adams and her counsel will fairly and adequately represent the South Carolina Class Members and their interests.

92. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

93. Accordingly, the South Carolina Class should be certified as defined in Paragraph 75.

## COUNT THREE
### (Class Action Alleging Violations of Texas Common Law)

A.     **VIOLATIONS OF TEXAS COMMON LAW**

94.    All previous paragraphs are incorporated as though fully set forth herein.

95.    Plaintiff Bunton further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

96.    The Texas Common-Law Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY LOGISTICARE SOLUTIONS, LLC. IN TEXAS, AT ANY TIME FROM APRIL 1, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Texas Common-Law Class" or "Texas Common-Law Class Members").**

97.    The Texas Common-Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Logisticare. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

98.    The Texas Common-Law Class Members provided valuable services for Logisticare, at Logisticare's direction and with Logisticare's acquiescence.

99.    Logisticare accepted the Texas Common-Law Class Members' services and benefited from their timely dedication to Logisticare's policies and adherence to Logisticare's schedule.

100.   Logisticare was aware that Plaintiff Bunton and the Texas Common-Law Class Members expected to be compensated for the services they provided to Logisticare.

101. Logisticare has therefore benefited from services rendered by Plaintiff and the Texas Common-Law Class Members and Plaintiff and the Texas Common-Law Class Members are entitled to recover pursuant to the equitable theory of *quantum meruit.*

### B.    TEXAS COMMON-LAW CLASS ALLEGATIONS

102. Plaintiff Bunton brings her Texas Common-Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Logisticare to work in Texas since April 1, 2015. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.

103. Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

104. The number of Texas Common-Law Class Members is so numerous that joinder of all class members is impracticable.

105. Plaintiff Bunton is a member of the Texas Common-Law Class, her claims are typical of the claims of the other Texas Common Law Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the other Texas Common Law Class Members.

106. Plaintiff Bunton and her counsel will fairly and adequately represent the Texas Common Law Class Members and their interests.

107. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

108. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 96.

## VI.
## RELIEF SOUGHT

109. Plaintiffs respectfully pray for judgment against Logisticare as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 46 and requiring Logisticare to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to section 16(b) of the FLSA finding Logisticare liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the South Carolina Class as defined in Paragraph 75 and designating Plaintiff Adams as the Class Representative of the South Carolina Class;

e. For an Order pursuant to South Carolina Law awarding the South Carolina Class Members all damages allowed by law;

f. For an Order certifying the Texas common law class as defined in Paragraph 96 and designating Plaintiff Bunton as the Class Representative of the Texas Common-Law Class;

g. For an Order pursuant to Texas common law awarding Plaintiff Bunton and the Texas Common-Law Class Members unpaid wages and other damages allowed by law;

h. For an Order awarding the costs and expenses of this action;

i. For an Order awarding attorneys' fees;

j. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

k. For an Order awarding Plaintiffs Adams and Bunton a service award as permitted by law;

l. For an Order compelling the accounting of the books and records of Logisticare, at Logisticare's expense; and

m. For an Order granting such other and further relief as may be necessary and appropriate.

Date: April 1, 2019

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Attorneys for Plaintiffs and the Putative Class Members**