## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **TIFFANY ADAMS and** | § | **Civil Action No. 1:19-cv-00372** |
| **SHANIQUA BUNTON,** | § | |
| **Individually and on behalf of all others** | § | |
| **Similarly situated** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| | § | **COLLECTIVE ACTION** |
| **LOGISTICARE SOLUTIONS, LLC** | § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| | § | |
| | § | **CLASS ACTION** |
| **Defendant.** | § | **PURSUANT TO FED. R. CIV.P. 23(b)** |

## DEFENDANT'S PARTIAL MOTION TO DISMISS

Defendant, LogistiCare Solutions, LLC, files this Partial Motion to Dismiss, seeking to dismiss the claims of Plaintiff Tiffany Adams and in support thereof would show:

## INTRODUCTION

Plaintiffs, Tiffany Adams and Shaniqua Bunton, bring suit individually and on behalf of those "similarly situated" pursuant to the FLSA. Adams, who according to the Complaint is a South Carolina resident, also seeks to bring a claim, individually and on behalf of a class, under the South Caroline Payment of Wages Act. A plain reading of Plaintiffs' Complaint, however, reveals that Adams's claims are barred by the statute of limitations and, as such, all of her claims should be dismissed.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.,* 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

While the court can consider a statute of limitations argument on a Rule 12(b)(6) motion to dismiss, such a motion cannot be granted unless the limitations defense is clear on the face of the complaint." *Seghers v. El Bizri*, 513 F. Supp. 2d 694, 707 (N.D. Tex. 2007) (citing *Jones v. Alcoa, Inc*., 339 F.3d 359, 366 (5th Cir. 2003)). Because statute of limitations is an affirmative defense, the party asserting it has the burden of proof, and "a plaintiff is not required to allege that his claims were filed within the applicable statute of limitations." *Frame v. City of Arlington*, 657 F.3d 215, 239-40 (5th Cir. 2011); *Hannaway v. Deutsche Bank Nat. Trust Co*., No. A-10-CV-714-LY, 2011 U.S. Dist. LEXIS 24775, 2011 WL 891669, at *2 (W.D. Tex. Mar. 11, 2011) ("It is the defendant's burden to establish the affirmative defense of limitations, including the accrual date of the plaintiff's claims.").

A complaint should not be dismissed on the basis of the statute of limitations unless "its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling." *Frame*, 657 F.3d at 240; *see also Bowman v. Sanofi-Aventis U.S.*, No. A-09-CA-192-SS, 2009 U.S. Dist. LEXIS 122705, 2009 WL 5083431, at *3 (W.D. Tex. Apr. 16, 2009) ("The statute of limitations is an affirmative defense. It may only serve as a proper ground for dismissal under Rule 12(b)(6), therefore, if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (citation omitted). Beyond a doubt, the face of Plaintiffs' Complaint establishes that all of Plaintiff Adams's claims are barred by the applicable statutes of limitations. As such, dismissal is appropriate.

## ARGUMENT AND AUTHORITIES

### A.    Statutes of Limitations

Plaintiff Adams brings suit on behalf of herself and others "similarly situated" pursuant to the Fair Labor Standards Act and the South Carolina Payment of Wages Act. [Doc. 1, ¶¶45-73]. The Portal-to-Portal Act, 29 U.S.C. §§ 251-262, provides the relevant limitations periods for bringing claims under the FLSA. Any action under the FLSA "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). "If the violation was not willful, a two-year statute of limitations applies." *Singer v. City of Waco, Texas,* 324 F.3d 813, 821 (5th Cir. 2003). "If the violation was willful, however, a three-year statute of limitations applies." *Id.* In a collective action, the statute of limitations for a named plaintiff runs from the date that the plaintiff files his complaint, while it begins to run for an opt-in plaintiff from the opt-in date. *Ikossi-Anstasiou v. Board of La. State U.*,

579 F.3d 546, 552-53 (5th Cir. 2009); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916-17 (5th Cir. 2008), *citing Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983).

Plaintiff Adams also brings claims on behalf of herself individually and seeks to be a class representative for claims involving the South Carolina Payment of Wages Act. [Doc. 1, ¶¶ 74-93]. The South Carolina Payment of Wages Act likewise has a three year statute of limitations. S.C. Code Ann. § 41-10-80(C).

**B.    It is Clear From Plaintiffs' Complaint That Adams' Claims are Barred By Limitations**

Plaintiff Tiffany Adams is a former employee of LogistiCare in Greenville, South Carolina. [Doc. 1, ¶26] Pursuant to Paragraph 26 of the Complaint, Adams' employment with LogistiCare ended in March 2016, more than 3 years after the Complaint was filed on April 1, 2019. Accordingly, even assuming a three-year statute of limitations applies to Adams' FLSA claims, a plain reading of the Complaint establishes that Adams's FLSA claims are barred by the statute of limitations. The same holds true for her claims under South Carolina law as Plaintiff Adams has failed to file suit within the three year limitation under that statute. Plaintiffs' pleading offers no reason why these limitations periods should you tolled.

In fact, Plaintiffs' Complaint recognizes these limitations in describing Plaintiffs' proposed classes that Adams seeks to represent: The FLSA Collective is defined as:

> **ALL HOURLY NON-EXEMPT CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY LOGISTICARE SOLUTIONS, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM <u>APRIL 1, 2016</u> THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

[Doc. 1, ¶ 46 (underline added)]. The South Carolina Act Class is defined as:

> **ALL HOURLY NON-EXEMPT CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY LOGISTICARE SOLUTIONS, LLC, IN SOUTH CAROLINA, AT ANY TIME FROM <u>APRIL 1, 2016</u> THROUGH THE**

**FINAL DISPOSITION OF THIS MATTER. ("South Carolina Class" or "South Carolina Class Members").**

[Doc. 1, ¶ 75 (underline added)]. *See also* Doc. 1, ¶ 87.

As Plaintiffs' class definition excludes her from the classes she seeks to represent, not only must her individual claims be dismissed but, on the face of her pleading, Plaintiff Adams is unqualified to be a class representative. Further, as the South Carolina class claims are based on Adams' position as class representative, without naming any other South Carolina class members, all of the South Carolina claims must be dismissed.

FOR THESE REASONS, Defendant moves this Court to grant its Motion for Partial Dismissal, to dismiss Plaintiff Adams' claims, including all claims based on South Carolina law, for failure to state a claim and for any other relief to which Defendant has shown itself justly entitled.

Respectfully submitted,

By:  */s/ Rachel Z. Ullrich*
Rachel Z. Ullrich
Texas Bar No. 24003234
rullrich@fordharrison.com

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas  75201
Telephone:  (214) 256-4700
Facsimile:  (214) 256-4701

**ATTORNEY FOR DEFENDANT
LOGISTICARE SOLUTIONS, LLC**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 23rd day of April, 2019, I filed a copy of the foregoing ***Defendant's Partial Motion to Dis*miss** with the Clerk of Court using the CM/ECF system that will send notification of such filing to all counsel of record.

*/s/ Rachel Z. Ullrich* _____
Rachel Z. Ullrich

WSACTIVELLP:10490894.1