# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| SHANIQUA BUNTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br>    *Plaintiff,*<br><br>v.<br><br>LOGISTICARE SOLUTIONS, LLC,<br>    *Defendant.* | Case No. A-19-CV-00372-LY-SH |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE LEE YEAKEL
          UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Strike Class and Collective Claims Or, in the Alternative, Disqualify Shaniqua Bunton as Class Representative and Dismiss Her From the Action, filed February 13, 2020 (Dkt. 34); the associated response, reply, and sur-reply briefs; and Plaintiff's Advisory to the Court and Notice of Withdrawal of Consent Forms of Opt-In Plaintiffs, filed October 27, 2020 (Dkt. 70). On December 6, 2019, the District Court referred all pending and future motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   Background

This is a collective action to recover unpaid back wages under the Fair Labor Standards Act of 1938, as amended ("FLSA"), which establishes federal minimum-wage and overtime standards. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1527 (2013). Pursuant to 29 U.S.C.

§ 216(b), the FLSA gives employees the right to bring a private cause of action against their employer on "behalf of himself or themselves and other employees similarly situated."

Defendant LogistiCare Solutions, LLC ("LogistiCare") brokers non-emergency medical transportation programs for state government agencies and managed care organizations. Plaintiff Shaniqua Bunton, who was employed by LogistiCare in Austin, Texas as an hourly Customer Service Representative from 2017 to 2018, alleges that she and other LogistiCare employees were required to work without compensation on a daily basis, and that she often worked from one to three hours in addition to her scheduled hours each week without compensation. *See* Dkt. 1 ¶¶ 32-39; Dkt. 15-1 ¶¶ 12-14.

On January 22, 2020, the undersigned conditionally certified this as a collective action under 29 U.S.C. § 216(b). Dkt. 31. LogistiCare appealed, and the District Court denied the appeal. Dkts. 33, 48. LogistiCare also filed the instant Motion to Strike Class, arguing that Bunton waived her ability to pursue class and collective action claims via a waiver contained in her employment application. Dkt. 34. Bunton opposed LogistiCare's Motion, arguing that it is an improper merits-based attacked on the conditionally certified class and should not delay notice to the putative class members. Dkt. 41 at 1. The Court held a hearing on the Motion on March 9, 2020, after which LogistiCare submitted additional evidence. Dkt. 53.

On April 1, 2020, the Court granted the first of five joint motions to stay the case while the parties pursued settlement negotiations. Dkts. 54, 56, 58, 59, 60. Their efforts to reach resolution were unsuccessful. On September 29, 2020, the parties filed their Joint Status Report, asking the Court to hold a status hearing and then grant their joint motion to lift the stay. Dkt. 62. The Court granted the motion in part with respect to the request for hearing. Dkt. 64.

The Court held a status hearing on October 7, 2020, and ordered supplemental briefing on the Motion to Strike Class. Dkt. 67 at 2. The Court further ordered that the case remain stayed and the statute of limitations tolled for Plaintiff and all who opt-in as putative class members until the District Court issues an order as to this Report and Recommendation. *Id.* After both parties submitted briefs as ordered, Bunton filed her Advisory to the Court, stating that Bunton, "after rigorously contesting Defendant's Motion, will withdraw her opposition to Defendant's Motion as she has determined to avoid further delay and to proceed with litigation on the merits." Dkt. 70 at 1. Bunton also voluntarily withdrew the consent forms of all opt-in plaintiffs. *Id.*

## II.     Recommendation

In its Motion to Strike Class, LogistiCare moved the Court to strike all class and collective claims from this lawsuit and permit Bunton to proceed on her individual claims only. Dkt. 34. Bunton has withdrawn her opposition to the Motion.

Therefore, the undersigned **RECOMMENDS** that the District Court **GRANT** as unopposed Defendant's Motion to Strike Class and Collective Claims (Dkt. 34) and **STRIKE** all class and collective claims from the Complaint.

This case remains **STAYED** and the statute of limitations tolled.

## III.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo

review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 3, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE