# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| SHANIQUA BUNTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br>        *Plaintiff,*<br><br>v.<br><br>LOGISTICARE SOLUTIONS, LLC,<br>        *Defendant.* | Case No. A-19-CV-00372-LY-SH |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Impose Conditions on the Dismissal of Bunton's Class and Collective Claims, filed December 4, 2020 (Dkt. 76), and the associated response and reply briefs. The District Court referred all pending and future motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I.     Background

This is a collective action to recover unpaid back wages under the Fair Labor Standards Act of 1938, as amended ("FLSA"), which establishes federal minimum-wage and overtime standards. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1527 (2013). Pursuant to 29 U.S.C. § 216(b), the FLSA gives employees the right to bring a private cause of action against their employer on "behalf of himself or themselves and other employees similarly situated."

On January 22, 2020, the undersigned conditionally certified this as a collective action under 29 U.S.C. § 216(b). Dkt. 31. Defendant LogistiCare Solutions, LLC ("LogistiCare") appealed, and the District Court denied the appeal. Dkts. 33, 48. LogistiCare also filed a Motion to Strike Class, asking the Court to strike all class and collective claims from this lawsuit and permit Plaintiff Shaniqua Bunton to proceed on her individual claims only. Dkt. 34. LogistiCare argued that Bunton waived her ability to pursue class and collective action claims via a waiver contained in her employment application. *Id.* On October 27, 2020, Bunton filed an Advisory to the Court, stating that, "after rigorously contesting Defendant's Motion, [Bunton] will withdraw her opposition to Defendant's Motion as she has determined to avoid further delay and to proceed with litigation on the merits." Dkt. 70 at 1. Bunton also voluntarily withdrew the consent forms of all opt-in plaintiffs. *Id.*

On November 3, 2020, the undersigned Magistrate Judge issued a Report and Recommendation that the District Court grant as unopposed Defendant's Motion to Strike Class and Collective Claims and strike all class and collective claims from the Complaint. Dkt. 71. LogistiCare filed a 13-page objection to the Report and Recommendation. Dkt. 72. LogistiCare argued that:

> Missing from the Magistrate's Report and Recommendation is a determination as to the enforceability of the waivers, and further, a ruling indicating if the class and collective claims are dismissed with or without prejudice. (Dkts. 34, 53, 68.) Because of the enforceability of the class waivers, LogistiCare does not object to the Magistrate's recommendation that the class and collective claims should be stricken. Rather, LogistiCare respectfully requests that this Court make a finding as to the enforceability of the class waivers and a determination that the claims be dismissed with prejudice.

*Id.* at 1-2. LogistiCare further argued that,

> by filing her Advisory with the Court withdrawing her Opposition to LogistiCare's Motion, Bunton failed to follow the proper procedures under Fed. R. Civ. P. 41 to dismiss her class and collective claims. Instead, Plaintiff Shaniqua Bunton's counsel withdrew the Opposition and all putative class member opt-in Consents and refiled an identical action in the United States District Court for the Eastern District of Michigan,[1] in a blatant attempt to forum shop midlitigation, avoid an unfavorable decision before this Court, and deprive LogistiCare of its class waiver defense.

*Id.* at 2. LogistiCare asked the Court to retain jurisdiction over the class and collective claims "to determine collateral issues, including issuing a refiling restriction and/or a prefiling injunction requiring Plaintiff and any putative class members to refile in this Court, should the Court grant them that opportunity, to prevent forum shopping." *Id.* LogistiCare further requested sanctions under FED. R. CIV. P. 41(d) "for abuse of the judicial process and improper forum shopping." *Id.*

On November 20, 2020, the District Court entered an order adopting the Report and Recommendation. Dkt. 75. The Court noted LogistiCare's objections and stated:

> In light of the objections, the court undertakes a de novo review of the record and applicable law. The court is of the opinion that the objections do not raise any issues that were not adequately addressed in the report and recommendation. Finding no error, the court will accept and adopt the report and recommendation as filed for substantially the reasons stated therein.

*Id.* at 2. The District Court overruled LogistiCare's objections, *id.*, and granted LogistiCare's motion to strike class and collective claims, stating: "All class and collective claims are **STRICKEN** form the complaint. Bunton's individual claims remain." *Id.* at 3.

---

[1] On May 5, 2021, the United States District Court for the Eastern District of Michigan approved the parties' settlement in *Chapman v. Logisticare Solutions, LLC*, 2:20-cv-12875-AJT-APP (E.D. Mich. 2020), and dismissed the case with prejudice.

3

LogistiCare now asks the Court

> to retain jurisdiction over the class and collective claims to determine collateral issues, including: (1) the enforceability of the class waivers; (2) dismissal of the claims with prejudice; (3) issuance of a refiling restriction and/or a pre-filing injunction requiring Bunton and any putative class members to refile in this Court, should the Court grant them that opportunity, to prevent forum shopping; and (4) order Bunton to pay LogistiCare's fees and costs under Fed. R. Civ. P. 41(d) for abuse of the judicial process and improper forum shopping.

Dkt. 76 at 2.[2]

## II.  Analysis

Bunton argues that LogistiCare "raised identical arguments—requesting identical relief" in its objections to the Report and Recommendation. Dkt. 78 at 1. The Court agrees. Indeed, LogistiCare admits as much, stating that it "raised similar arguments in its Objection" to the Report and Recommendation. Dkt. 79 at 3.

After Bunton withdrew her opposition to LogistiCare's Motion to Strike, the undersigned Magistrate Judge recommended that the District Court grant all relief LogistiCare sought in that motion. The District Court adopted the recommendation after considering LogistiCare's objections, which it now re-urges in its Motion to Impose Conditions. LogistiCare's motion in essence is a request for reconsideration presenting no reason why the District Court should reconsider its order granting the Motion to Strike.

---

[2] Bunton asks the Court to strike LogistiCare's motion because it is fourteen pages long, exceeding the ten-page limit for non-dispositive motions by four pages. Dkt. 78 at 2 n.3; Local Rule CV-7(d)(3). The Court exercises its discretion to **DENY** Bunton's request and reminds LogistiCare to comply with all court rules.

### III. Recommendation

For these reasons, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** LogistiCare's Motion to Impose Conditions on the Dismissal of Bunton's Class and Collective Claims (Dkt. 76).

This case remains **STAYED** and the statute of limitations tolled. The undersigned **RECOMMENDS** that the District Court lift the stay and order the parties to submit a proposed scheduling order when the District Court issues an order as to this Report and Recommendation on Defendant's Motion to Impose Conditions.

### IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 6, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE